755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RONALD L. CRAWFORD, PLAINTIFF-APPELLANT,
v.
CLARK HUNTER, DEFENDANT-APPELLEE.
 NO. 84-3723
 United States Court of Appeals, Sixth Circuit.
 1/22/85
 
 ORDER
 BEFORE: KEITH, MERRITT and JONES, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the informal brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This matter is before the Court upon plaintiff's motion for counsel in his appeal from the district court's order granting summary judgment for defendant in this civil rights action. This controversy arose out of plaintiff's state court appeal from the denial of his motion to vacate sentence. Plaintiff alleges that the state court dismissed his case because the trial court failed to file findings of fact and conclusions of law. Plaintiff is seeking injunctive relief and damages. Following submission of defendant's motion to dismisss, the Magistrate recommended that the case be dismissed. The Magistrate concluded that once plaintiff's case was reinstated in the state court his Sec. 1983 action became moot. The district court adopted the Magistrate's recommendation by order dated August 8, 1984, treating the motion as a motion for summary judgment.
 
 
 3
 Upon consideration, we conclude that the district court correctly granted summary judgment. Plaintiff's initial complaint was that defendant's failure to transmit his entire file to the state appeals court led to his continued incarceration. His complaint requested that the appeal be reinstated. Three weeks later, it was reinstated returning plaintiff to the position he desired. A 'case is moot when issues presented are no longer 'live' or parties lack legal cognizable interest in the outcome.' Powell v. McCormack, 395 U.S. 486, 496 (1969). Once plaintiff was returned to the status quo, it was his own failure to file a brief and assignments of error which led to the ultimate dismissal of his case.
 
 
 4
 In addition, it appears that the crux of plaintiff's complaint is an attack on his state court conviction and his continued detention. The Supreme Court ruled in Preiser v. Rodriguez, 411 U.S. (1973), that when a prisoner challenges his underlying conviction on federal constitutional grounds, in federal court, he is limited to habeas corpus relief even though Sec. 1983 may seem to cover the challenge. Thus, it seems that even if plaintiff's claim was not moot, he has sought the wrong avenue for redress.
 
 
 5
 Accordingly, it is ORDERED that the district court's order be, and is hereby, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. It is further ORDERED that the motion for appointment of counsel be, and is hereby, denied.